UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD R. BROWN, *Pro Se* | ) | Case No.: 1:10CV1740 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CITY OF ASHTABULA, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

Plaintiff *pro se* Donald R. Brown filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Defendants City of Ashtabula, Ohio, County of Ashtabula, Ohio, the Ashtabula County Sheriff's Department, the Ashtabula Police Department and the Clerk of Courts of the Ashtabula Municipal Court. He alleges that the Ashtabula Police have been harassing him and, along with the other Defendants, has occasionally arrested and beaten him causing a divorce and loss of jobs. Because of their conduct, he was forced to be homeless in Columbus, Ohio where he has been for the last eight years. Also before the court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF No. 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

City of Ashtabula and County of Ashtabula

The Sixth Circuit has held that "in order to state a claim against a city or county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978). Plaintiff has not alleged any policy or custom of the City of Ashtabula or County of Ashtabula, which caused a violation of his constitutional rights.

Further, neither the City of Ashtabula nor the County of Ashtabula can be liable on a theory of *respondeat superior. Id.* As a result Plaintiff has failed to state a claim on which relief can be granted.

Ashtabula County Sheriff's Department

Under Ohio law, a sheriff's department is not a legal entity subject to suit. *Snyder v. Belmont County Sheriff's Depart.,* 2009 WL 467022 * 4 (S.D. Ohio Feb. 23, 2009)(citing *Petty v. County of Franklin,* 478 F.3d 341, 347 (6th Cir. 2007)). *See Barrett v. Wallace*, 107 F. Supp.2d 949, 954 (S.D. Ohio 2000)(sheriff's department not a legal entity subject to suit). Moreover, the doctrine of *respondeat superior* does not apply to a sheriff in a § 1983 lawsuit to impute liability for actions of deputy sheriffs. *Williams v. Federspiel*, 2010 WL 148336 * 2 (E.D. Mich., Jan 12, 2010).

Ashtabula Police Department

A police department is not an entity capable of being sued. *Moore v. City of Cleveland,* 2006 WL 2947052, 5 (N.D. Ohio Oct.16, 2006). It is merely a municipal agency or department of the city rather than a separate legal entity. *Moore v. Chattanooga Police Dept.*, 2008 WL 3896114 * 3 (E.D. Tenn. Aug. 19, 2008) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police

departments are not legal entities which may be sued); *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity). Therefore, the Ashtabula Police Department is not a proper party to this action and must be dismissed.

### Clerk of Courts of Ashtabula Municipal Court

Plaintiff has also placed the Clerk of Courts of the Ashtabula Municipal Court in the caption of his Complaint. However, he has set forth no facts regarding potential liability of this Defendant. Thus, he has failed to state a claim upon which relief can be granted.

### Statute of Limitations

Even if Plaintiff may have a cause of action under the Fourth Amendment or the Due Process Clause of the Fourteenth Amendment, it is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995). The conduct alleged in the Complaint took place over eight years ago when Plaintiff alleges that the harassment by Defendants caused him to move to Columbus. This action was filed on August 9, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint,

3

*sua sponte* dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations period has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (ECF No. 2). This action is hereby dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

October 26, 2010